

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Edgar A. Maddox
County Attorney
Palo Pinto, Texas

Dear Sir:

Opinion No. 0-3770
Re: Whether buses operated by Army
Camp Bus Line between Mineral
Wells and Camp Wolters must be
licensed as motor buses, said
Camp Wolters not being an in-
corporated city or town.

In your letters of July 14 and July 22, 1941, you request us to assume as true the following facts:

That the city of Mineral Wells is an incor-
porated city and that Camp Wolters, a military
reservation occupied by some 15,000 soldiers,
lies approximately 4 miles to the east of the
city limits of Mineral Wells and beyond any of
its suburbs; that in going from the City of Min-
eral Wells to Camp Wolters one does not encoun-
ter any other incorporated city or town, either
its actual limits or suburbs; that army camp bus
line has a certificate of convenience and neces-
sity issued by the Railroad Commission of Texas
authorizing operation as a motor bus company from
the City of Mineral Wells to Camp Wolters; and
that the buses employed by army camp bus line in
said operations are equipped with passenger car
licenses, not having paid the annual license fees
for motor buses as provided in Article 6675a-8a,
Vernon's Annotated Civil Statutes.

You request our opinion as to whether or not the army
camp bus line in so operating its buses on passenger car licenses
is violating Article 805 of the Penal Code. Said Article 805
reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Edgar A. Maddox, page 2

> "Whoever operates upon a public highway a motor vehicle under a license, however obtained, for a class other than that to which such vehicle properly belongs, shall be fined not exceeding two hundred dollars."

The registration of motor vehicles is provided for in Article 6675a, Vernon's Annotated Civil Statutes, and Subsections (j) and (n) of Section 1 thereof read as follows:

> "(j)  'Passenger Car' means any motor vehicle other than a motor cycle or a bus, as defined in this Act, designed or used primarily for the transportation of persons."

> "(n)  'Motor Bus' shall include every vehicle except those operated by muscular power or exclusively on stationary rails or tracks, which is used in transporting persons between or through two or more incorporated cities and/or towns and/or villages for compensation (or hire) whether operated over fixed routes or otherwise; except such of said vehicles as are operated exclusively within the limits of incorporated cities and/or towns or suburban additions to such towns."

The vehicles in question do not fall within the above definition of a "motor bus", since the same are not used in transporting persons between two or more incorporated cities, towns or villages.  They do fall squarely within the definition of a "passenger car" and are therefore appropriately registered. It follows that there is no violation of Article 805, Penal Code.

We note the definition of a "motor bus company" in Article 911a, Section 1 (c), Vernon's Annotated Civil Statutes. A concern carrying persons for compensation or hire becomes a motor bus company, subject to regulation by the Railroad Commission, when its motor vehicles operate beyond the limits and outside the suburbs of an incorporated city or town, whether they enter any other city or town, or suburbs thereof, or not.  However, the registration fees of these vehicles are governed by

Honorable Edgar A. Maddox, page 3

Article 6675a, according to the plain and unambiguous terms of which the vehicles in question must be classed as passenger cars.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    (signed)
              Glenn R. Lewis
                     Assistant

GRL:db

APPROVED
OPINION
COMMITTEE
BY B. W. B.
CHAIRMAN